UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **ORIGINAL**
-------------------------------------------------------------------x

ALEXANDER G. IV, and ALEXANDER G. III,                    04 Civ6791(CLB)(MDF)

                    Plaintiffs,

       -against-

                                  Report & Recommendation

ROBERT H. SIGLER, ROBIN MARKOVITZ,
PATRICIA MCCLEOD, JOHN PERRINO,
WILLIAM A. BEST, SUSAN F. BOTTI, DAMON
DAVOREN, GLORIA ELLIOT, PAUL K. JOHNSON, DVM,
LINDA KNAPP, RICHARD MCCORMACK, BERNARD H.
COHEN, GORDON DEAN. MISHA JOLLY, SELENA FISHER
Individually and in their capacity as employees and /or officers/
directors of and in their official capacity as employees of THE
ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN,
ORANGE -ULSTER BOCES, INC., JAMES GILLESPIE, DAVID
GREEN, individually and in their capacity as employees of the
CITY OF MIDDLETOWN POLICE DEPARTMENT and THE
CITY OF MIDDLETOWN.
                         Defendants.
-------------------------------------------------------------------x

TO:  THE HONORABLE CHARLES L. BRIEANT, U.S.D.J.

      This action was filed on August 24, 2004 seeking monetary damages against the

defendants for physical and emotional harm sustained by the plaintiff Alexander G. IV and loss

of services sustained by plaintiff Alexander G. III..  The action was brought pursuant to 42

U.S.C. 1983 and included state law claims for assault and battery against defendant Robert H.

Sigler ("Sigler").

      There were subsequent amendments to the complaint, and by December 2004 all

defendants except Sigler had appeared and filed answers.  On December 7, 2004 all the

appearing defendants executed and filed 28 U.S.C. 636(c) consents to proceed before the

undersigned U.S. Magistrate Judge for all purposes including trial.  Sigler, who had neither

Copies mailed / handed / fax'd to counsel  1 /12 /06

appeared nor answered, did not execute the consent.

A new discovery schedule was set on January 13, 2005. Subsequently the mediation proceedings which had been ordered by Your Honor prior to the execution of the trial consent bore fruit and on March 25, 2005 a stipulation of settlement was agreed to, resolving all issues between the plaintiffs and all defendants except Sigler. On that date plaintiff's counsel indicated that he wished to move for a default against Sigler and was granted 30 days to make that application.

On September 8, 2005, a check of the docket sheet disclosed that no application for a default against Sigler had been filed. A call was made to Plaintiff's counsel advising him that he would be allowed ten additional days to make the application or I would report and recommend to Your Honor that the case be closed.

On September 21, 2005, having received no papers, a letter was sent to Plaintiff's counsel notifying him that the matter was set down for an in person appearance on September 30, 2005, at 9:15 AM and that there would be no adjournments. On September 29th counsel telephoned chambers and advised that he needed an adjournment because he "had other matters to attend to". He was advised, by my direction, that the application for an adjournment was denied and, since he had failed to make the motion for a default after two admonitions by the court, he was directed to appear with an explanation, in the absence of which I would recommend dismissal. Plaintiff's counsel then stated that he had made and filed the motion 3 days after the prior call of September 8th, on or about September 11, 2005. Since the motion did not appear on the docket sheet counsel was directed to immediately fax a copy of the papers to chambers. He did not do so, but instead called chambers late in the day on September 29th stating that "it would be easier"

2

to bring the copy of the motion with him to court on September 30th.

On September 30, 2005 plaintiffs's counsel did not appear at the appointed time of 9:15 AM and I placed the history of the case on the record.

On October 14, 2005 during a telephone call with counsel, he stated that the motion papers (which he claimed to have previously filed) were not signed by his clients and would have to be resubmitted. The call was followed by a fax transmission from counsel's office consisting of a Notice of Motion, copies of unsigned affidavits from each Plaintiff, an affidavit of counsel, and an "affidavit of personal service" on the court, but no proof of service on the defendant Sigler.

A check of the docket sheet of this court as recently as January 11, 2006 discloses that no application or motion for default has been filed. There are no docket entries at all since the September 30, 2005 proceeding.

Accordingly, I respectfully recommend that Your Honor dismiss this action pursuant to the provisions of Rule 41 (b) of the Federal Rules of Civil Procedure because of plaintiff's failure to prosecute and failure to comply with orders of the court.

NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (see Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Charles :L. Brieant, at the United States Courthouse, 300 Quarropas Street, White

Plains, New York 10601   and to the chambers of the undersigned at the United States

Courthouse,  300 Quarropas Street,  White Plains,  New York 10601

Failure to file timely objections to the Report and Recommendation will preclude later

appellate review of any order to judgment that will be entered by Judge Brieant.   See Thomas v.

Arn, 474 U.S. 140 (1985); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied 113 S.Ct. 825

(1992); Small v Secretary of H.H.S., 892 F.2d 15,16 (2d Cir. 1989) (per curiam); Wesolek v.

Canadair, Ltd., 838 F.2d 55, 58 (2d Cir. 1988).  Requests for extension of time to file objections

must be made to Judge Brieant and should not be made to the undersigned.

Dated:    January 12,  2006
          White Plains,  New York

                              Respectfully submitted,

                              _____
                              Mark D.  Fox
                              United States Magistrate  Judge


Copies of the foregoing have been sent to the following:

  Honorable Charles L. Brieant, U.S.D.J.

  Stephen L. Segall, Esquire
  Attorney for Plaintiffs
  134 Route 59
  Suffern, New York 10901

  Robert Sigler   DIN:  03A4992
  Defendant
  Oneida Correctional Facility
  6100 School Road
  Rome, New York 13440